CoIT and others *vs.* MILLIKIN and others.

The seal of another state affixed to a copy of an act of its legislature, for the purpose of authenticating the same pursuant to the act of congress prescribing the mode of authenticating the public acts of the several states, proves itself and imports absolute verity, and is presumed, until the contrary appears, to have been affixed by the proper officer. *Per* BRONSON, C. J.

Such seal, however, to be recognized in the courts of this state, must be a common law seal, *i. e.,* an impression upon wax or other tenacious substance: an impression upon paper alone will not answer.

ACTION of debt, tried before DAYTON, C. Judge, at the Erie circuit in November, 1843. The plaintiffs offered in evidence an act of the legislature of the state of Michigan. The act was certified by the secretary of state, and the great seal of the state was affixed, by impressing it on the paper, without the use of wax or other adhesive substance. A certificate of the governor of Michigan was added, certifying that the attestation was in due form, and by the proper officer, and that the seal affixed was the great seal of the state. The plaintiffs also called a witness who proved the hand-writing of the governor, and that the seal was the great seal of the state of Michigan. The judge decided that the exemplification was not sufficient, because the seal was not impressed upon wax or some other adhesive substance, and rejected the evidence. The plaintiffs excepted; and then submitted to a nonsuit. They now move for a new trial.

*J. L. Talcott,* for the plaintiffs.

*M. Fillmore,* for the defendants.

*By the Court,* BRONSON, Ch. J. Congress, under the power given to it by the constitution, has provided, "that the acts of the legislatures of the several states shall be authenticated by having the seal of their respective states affixed thereto." (*Act*

Coit v. Millikin.

*of May* 26, 1790, 1 *Story's Laws,* 93.)  The plaintiffs have given themselves needless trouble.  It was not necessary to verify the seal, either by the certificate of the governor, or the oath of a witness.  The seal proves itself, and imports absolute verity : and until the contrary appears, the presumption is, that it was affixed by the proper officer.  (*The U. S.* v. *Johns,* 4 *Dall.* 412; 1 *Wash. C. C.* 363, *S. C.; The U. S.* v. *Amedy,* 11 *Wheat.* 392; *The State* v. *Carr,* 5 *N. Hamp. R.* 367.) But still there is a difficulty.  At the common law, a seal is an impression upon wax, wafer, or some other tenacious substance. An impression upon paper alone is not a seal, except where it has been made so by statute.  (*Warren* v. *Lynch,* 5 *John.* 239 ; *Bank of Rochester* v. *Gray,* 2 *Hill,* 227 ; *Farmers & Manuf. Bank* v. *Haight,* 3 *Hill,* 493.)  It does not appear that there is any statute in Michigan on this subject.  But if there was, it could not aid the plaintiffs, for this question arises under an act of congress.  As that act requires a seal, no state can dispense with the requirement, except in its own courts.  Our statute authorizing impressions upon paper in certain cases does not reach the case.  It only extends to scals of courts and public officers.  (2 *R. S.* 404, § 61.)  This is not the seal of a court or officer, but of a state.  And besides, our statute does not apply to courts and officers out of the state.  (*Bank of Rochester* v. *Gray,* 2 *Hill,* 227.)  The evidence was properly rejected.

New trial denied.