CALVIN DAY AND OTHERS, APPELLANTS, *v.* THOMAS P. SAUNDERS, RESPONDENT.

*Negotiable Paper—Debt past due—When held for value.*

A party taking negotiable paper before maturity, in payment of a debt past due, is thereby constituted a holder for value.

*Pomeroy & Southworth* for Appellants.
*Brown & Beach* for Respondent.

DAVIES, CH.J.—On the 2d of November, 1859, the Plaintiffs were the owners and holders of four promissory notes made by one J. H. Whipple. The whole amount due thereon for principal, interest, and protest fees, was on that day $1,031.25. Two of the notes were over-due, upon which suits had been commenced by the Plaintiffs against Whipple, and on said 2d of November, Plaintiffs agreed to accept Whipple's note for the amount of said four notes, at forty-five days, to be endorsed by the Defendant Saunders. On the 22d of November, 1859, Plaintiff's attorney received the note in suit endorsed by Saunders, delivered up to Whipple his four notes, and Whipple paid said attorney's costs incurred in the two suits, on the two over-due notes of Whipple, amounting to the sum of $24.92, and gave a receipt therefor in these words: "Received payment November 22, 1859, and suit discontinued." Saunders' endorsement had been obtained in blank, and to be used for a different and another purpose. On the trial, the Court held that the Plaintiffs were only entitled to recover to the extent of the amount of the two notes of Whipple, not due, at the time of the delivery of the note in suit to them, and that said Plaintiffs were not bonâ fide holders of the note in suit for the value or amount of the two notes of Whipple, which were over-due. The Plaintiffs had a verdict for the amount of said two notes not due, amounting to $239.65, which judgment on appeal to the General Term was affirmed, and the Plaintiffs now appeal to this Court.

The Supreme Court was clearly correct in holding that the

Plaintiffs were entitled to recover against this Defendant upon the note in suit, to the extent that they were bonâ fide holders thereof. In Van Duzer *v.* Howe (21 N. Y. 531) this Court decided that a party who entrusts another with his acceptance in blank is responsible to a bonâ fide holder, although the blank be filled with a sum exceeding that fixed as a limit by the acceptor. But the Court erred in holding that the Plaintiffs were not bonâ fide holders of the two notes, over-due, for the payment of which the note in suit was equally received, as for the two notes not then due. The facts are indisputable that the note in suit was transferred in payment of the four notes of Whipple then held by Plaintiffs. The facts in this case are not distinguishable from those presented in Brown *v.* Leavitt (31 N. Y. 113). It was there stated, that the note in suit in that case was endorsed and delivered by persons composing the firm of Zebley & Co. to the Plaintiff's testator, before it fell due, in payment, so far as it went, of a larger note then held by the testator and over-due. It was received with other notes, and a balance in cash as such payment of the larger note, delivered up to Zebley & Co. We then said, " In this State it is settled by abundant authority that this transaction constituted the Plaintiff's testator a holder for value of the note in question. A further discussion of the question might lead to a suspicion that the law was in doubt on the point."

The judgment should be modified by increasing the amount of the verdict from $239.65 to the amount due upon the four notes at the date of the verdict, and that judgment for that sum and interest thereon be affirmed, with costs.

If the parties cannot agree upon such amount, then the Supreme Court is directed to ascertain the same, and render judgment for the Plaintiffs, with costs, accordingly.

GROVER, J.—The exception taken by Plaintiff's counsel, upon the trial, to the charge of the judge as given, and to the refusal to charge as requested, presents the only real question in the case. That question is whether a party taking negotiable paper before maturity, in payment of a debt past due, constitutes a holding for

Opinion by GROVER, J.

value. This precise question was decided affirmatively in Brown *v.* Leavitt (31 N. Y. 113), by this Court. In Young *v.* Lee (2 Kern, 551), the like rule was applied when the debt for which the note was taken had not become due. It is manifest that there is no distinction in principle between a case when the debt is due and when not due. These cases should put an end to the question in this State. The counsel for the respondent insists that the rule cannot apply to a case when the debt is due, for the reason that a new promise by a debtor does not satisfy or extinguish an existing debt. He overlooks the reason for the latter rule, that is, that such new promise is no consideration for an agreement to discharge the debt. It is nothing more than promising to do what the debtor is already bound to do.

In the present case there was a consideration, viz., the additional security of the Defendant's endorsement. The evidence in the present case proved that the note in suit was taken in payment of the four notes given up. The Court so held as to the two small notes not due. The evidence as to the note in suit being received in payment of the notes past due was precisely the same that it was in regard to the notes not due, and the judge should have gone further, and upon the evidence directed a verdict for the Plaintiffs for the amount of the notes in suit, that being the amount of the four notes for which it was given.

The judgment must be reversed and a new trial ordered, costs to abide event.

    Reversed.

JOEL TIFFANY,<br>State Reporter.