## DAY *v.* SAUNDERS.

March, 1867.

The rule that where a promissory note is indorsed and delivered before it falls due, in payment at maturity of a note held by the transferee, which latter note is delivered up, the transaction constitutes the transferee a holder for value,—applies equally, whether the note surrendered is not due or overdue.*

Calvin Day and others sued Thomas P. Saunders, as indorser of a promissory note. Plaintiffs had held four notes, made by one Whipple, and after two of them were overdue, and while the other two were not yet due, they discontinued a suit brought by them against Whipple, on the two overdue, and delivered up all the four notes, giving him a receipt acknowledging payment, in consideration of Whipple's giving them a new note, made by himself, and indorsed by Saunders.

Saunders' indorsement was obtained by Whipple for a different purpose than the settlement of the suit, and, when sued in present action, Saunders insisted that plaintiffs were not *bona fide* holders *for value.*

The judge charged that plaintiffs were entitled to recover to the amount of the two notes not due when surrendered, but not further. Exception was taken, and the judgment affirmed by the court at general term, and plaintiffs appealed.

*Pomeroy & Southworth,* for plaintiffs, appellants.

*Brown & Beach,* for defendant, respondent.

By the Court.—Grover, J.—The exception taken by plaintiff's counsel, upon the trial, to the charge of the judge as given, and to the refusal to charge as requested, presents the only real question in the case. That question is, whether a party taking a negotiable paper before maturity, in payment of

* See Lawrence *v.* Clark, 36 *N. Y.* 128; Park Bank *v.* Watson, 42 *Id.* 490; Chrysler *v.* Renois, 43 *Id.* 209; Paddon *v.* Taylor, 44 *Id.* 371; Powers *v.* Freeman, 2 *Lans.* 127; and see *Id.* 133; 37 *N. Y.* 442.

a debt past due, constitutes a holding for value. This precise question was decided affirmatively by this court, in Brown *v.* Leavitt, 31 *N. Y.* 113, above. In Young *v.* Lee, 12 *N. Y.* 55; the like rule was applied, when the debt for which the note was taken had not become due. It is manifest that there is no distinction in principle between a case when the debt is due and when not due. These cases should put an end to the question in this State. The counsel for the respondent insists that the rule cannot apply to a case when the debt is due, for the reason that a new promise by debtor does not satisfy or extinguish an existing debt. He overlooks the reason for the latter rule, that is, that such new promise is no consideration for an agreement to discharge the debt. It is nothing more than promising to do what the debtor is already bound to do.

In the present case, there was a consideration, viz : the additional security of the defendant's indorsement. The evidence in the present case proved that the note in suit was taken in payment of the four notes given up. The court so held as to the two small notes not due. The evidence as to the note in suit being received in payment of the notes past due, was precisely the same that it was in regard to the notes not due; and the judge should have gone further, and upon the evidence directed a verdict for the plaintiffs for the amount of the notes in suit, that being the amount of the four notes for which it was given.

The judgment must be reversed, and a new trial ordered, costs to abide event.

All the judges concurred in the foregoing opinion.*

Judgment reversed, and new trial ordered, costs to abide event.

---

* The opinion printed in 3 *Keyes,* 347 ; 37 *How. Pr.* 534, was not delivered, and the judge to whom it is atrributed concurred in the above.