WHEELER v. REYNOLDS.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

ANNULMENT OF CONTRACT—ESTOPPEL.

> Plaintiff, by her husband, to whom she had executed a general power of attorney, agreed with defendant, an owner of lots in the vicinity of lots owned by her, that they would not construct, or permit to be constructed, on their several lots, buildings of a character different from those indicated in the agreement, or permit the construction of any building nearer than seven feet to the line of such lots. Defendant constructed, in good faith, and in conformity with the agreement, a number of buildings, at great expense, on his lots, by reason of which plaintiff's lots were increased in value. *Held*, that plaintiff was not entitled to have the agreement annulled by setting up the claim that, as the power of attorney was not under seal, it was ineffectual to authorize the execution of the agreement; it being manifest on the face of the power of attorney that it was intended to have been executed under seal.

Appeal from special term, Kings county.

Action by Lucy Maud Wheeler against William H. Reynolds for annulment of a contract. There was a judgment for defendant, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

J. Warren Greene, for appellant.
S. S. Whitehouse, for respondent.

WOODWARD, J. In the year 1884 the plaintiff executed a general power of attorney to her husband, for the reason, as she testified in a deposition taken in Paris for the purposes of the trial, "that it would make it easier for him to manage my real estate." This power of attorney has never been revoked. The plaintiff is the owner of the fee of certain lots bordering upon Prospect Park, in

the borough of Brooklyn, and the defendant owns certain other lands in the same vicinity. On the 6th day of December, 1897, the plaintiff, acting by her attorney in fact, entered into an agreement with the defendant and others in which they mutually agreed that they would not construct, or permit to be constructed, upon their several lots, buildings of a character differing from those indicated in the agreement, or permit the construction of any building nearer than seven feet to the building line of such lots. The object of this agreement was to keep the property up to a high standard, and the defendant procured the stipulations with the understanding on the part of the several parties that it would determine the character of the buildings which he was about to construct. After the signing of the paper the defendant constructed some 19 or 20 buildings upon the lots owned by him, in conformity with the agreement, thus carrying out in good faith the letter and spirit of the contract. The plaintiff, without in any manner repudiating the power of attorney, brings this action to annul the agreement; or, rather, her husband, acting under the authority of the power of attorney, brings this action in her name, and sets up the claim that, as the power of attorney was not under seal, it was ineffectual to authorize the execution of the agreement by which her real estate is incumbered.

One of the fundamental rules of equity is that a party who seeks equity must do equity. He cannot avail himself of the benefits of his contracts, and refuse to perform the obligations, and hope for the aid of a court of equity in consummating the wrong. It is conceded by the real plaintiff in this action that the lots which his wife owns on Park place are more valuable because of the character of the buildings erected by this defendant under the terms of this agreement, and that the plaintiff's lots are the only ones remaining on which there are no buildings. This agreement was entered into in 1897. The defendant has expended large sums of money upon the strength of it, by which the property of the plaintiff has been increased in value. We are unable to discover any equitable right which the plaintiff has to maintain this action. It would place her in a position to compel the defendant to purchase her lots at her own price, or to submit to a possible depreciation of his own property by reason of the purchase of these lots without the incumbrance provided for in the articles of agreement by parties who might want to use the same for purposes other than those contemplated by the plaintiff and defendant at the time of entering into the stipulation. The power of attorney under which plaintiff's husband acted is broad enough to cover the transaction. There is no question upon this point. But it is urged that, as the agreement created an "incorporeal freehold interest in plaintiff's land," it was necessary that the paper should have been under seal. The power of attorney was unquestionably intended to have been executed under seal. It was drawn on a printed blank, acknowledged before a commissioner of deeds of the then city of Brooklyn, and recites in its closing paragraph, "In witness whereof, I have hereunto set my hand and seal the eighth day of October in the year one thousand eight hundred and eighty-four," and is signed by the plaintiff, who testifies that

the object of issuing this power of attorney was to "make it easier for him to manage my real estate." "She evidently intended to seal the instrument," say the court in Barnard v. Gantz, 140 N. Y. 249, 258, 35 N. E. 433; "and, where that intention is manifest upon the paper itself, a court of equity will assume that it is sealed, or grant the same relief as though a common-law seal was attached. Town of Solon v. Williamsburgh Sav. Bank, 114 N. Y. 134, 21 N. E. 168." In Tallmadge v. Bank, 2 Duer, 614, a very learned court held that a parol agreement, partly executed, not appearing in the deed, made by a grantee, not to build out to the street on the land conveyed to him, was so far binding upon those holding under him that they would be restrained from violating the agreement; and this was approved by the court on appeal. Id., 26 N. Y. 105. See, also, Hubbard v. Matthews, 54 N. Y. 43. If a parol agreement could thus operate to create an "incorporeal freehold interest" in the lands of a grantee, when there was no evidence to show that he was benefited by the agreement, we are unable to conceive of any reason why a court of equity should interfere, under the circumstances of this case, to grant the plaintiff relief from the obligations of a contract under which she has been benefited, and which would operate to give her an inequitable advantage over one who has acted in good faith in the premises, and expended his money in improvements which are mutually advantageous. We do not deem it necessary to pass upon the meaning of the word "receive," contained in the power of attorney. The terms of that instrument are sufficiently broad and comprehensive to sustain the position of the defendant, without resort to the particular clause containing that word.

The judgment should be affirmed, with costs. All concur.