(31 Misc. Rep. 428.)

CITIZENS' SAV. BANK OF NEW YORK CITY v. TOWN OF GREENBURG.

(Supreme Court, Trial Term, New York County. May, 1900.)

TOWNS—BONDS—ISSUE—VALIDITY—BONA FIDE PURCHASER.

Defendant town issued interest bearing bonds, and delivered them to commissioners appointed by the supreme court, who were authorized by Laws 1892, c. 493, § 6, to sell such bonds "at not less than par." The commissioners sold the bonds for their face value to C. & S. on credit, without taking into account or providing for interest on the deferred purchase price. *Held*, that the sale on credit, without requiring payment of interest on the deferred payments of the purchase price, was, in effect, a sale for less than par, and, being forbidden by the statute, the issue of bonds was void, and plaintiff, though a bona fide holder for value from C. & S., cannot enforce the bonds against the town.

Action by the Citizens' Savings Bank of New York City against the town of Greenburg to recover interest on certain bonds issued by the defendant. The bonds, amounting to $149,000, were issued under the provisions of Laws 1892, c. 493, signed and sealed by the supervisors and town clerk, and delivered to commissioners appointed by the supreme court under that act. Section 6 of the statute authorized such commissioners to sell the bonds at "not less than par." The commissioners sold them to Coffin & Stanton on credit, without requiring interest on the deferred payments of the purchase price. Coffin & Stanton paid $69,000 on account of the sale, and failed, and never paid the balance. Plaintiff is a bona fide holder for value of the bonds from Coffin & Stanton. Plaintiff's motion for direction of a verdict in its favor was denied, and defendant's motion to dismiss the complaint granted.

John W. Pirsson and William B. Hornblower, for plaintiff.

Frank V. Millard and J. Rider Cady, for defendant.

BEEKMAN, J. The commissioners had no power whatsoever to deal with the bonds in question, except as they were expressly authorized to do so under the statute. The limitation upon the sale of the bonds to a sum "not less than par" was of the essence of the power itself, which never had any existence in any less restrictive sense. The commissioners, then, had no power to sell for anything less than par, and the attempt on their part to do so was necessarily outside of the scope of their authority. The bonds delivered in pursuance of such attempted sale never had any legal inception, and are not enforceable against the defendant.

In the case of Village of Ft. Edward v. Fish, 156 N. Y. 363, 50 N. E. 973, the precise question was under consideration. There, as here, the act under which the bonds were issued provided that they should not be disposed of "at less than the par value thereof." There, as here, the agreement of sale provided for the payment of the face value only of the bonds, giving to the purchaser the benefit of accrued interest. The court held that the sale was, in effect, for less than par, and declared the contract to be void, saying (page 371, 156 N. Y., page 975, 50 N. E.):

"The executory contract, therefore, provided for a sale of the bonds 'at less than the par value thereof,' in violation of the statute, and was abso-

lutely void, because it was expressly prohibited by law. Neither party was bound thereby, and it could not be the subject of a valid claim by either against the other [citing cases]. It was not void simply as ultra vires, but as a forbidden act. The defendant was obliged, at his peril, to inquire into the authority of the commissioners to make the contract, and was bound to notice the limitation of their powers."

The court refers to the case of Illinois v. Delafield, 8 Paige, 527, 26 Wend. 192, 2 Hill, 159, as the leading authority which has settled the law of this state upon the subject. Upon this the court says (page 370, 156 N. Y., page 974, 50 N. E.):

"In that case it was held that where the legislature of a state authorized its officers to borrow moneys for the use of the state, and to sell its bonds for that purpose, but not for less than their par value, a sale of bonds which were to draw interest from the time of sale, but which were to be paid for in future installments only and without interest, was a sale of such bonds for less than their par value, and that they were not binding upon the state because its agents had exceeded their authority."

It is manifest that a sale on such terms does not involve a mere irregularity in the performance of an act within the general scope of the agent's authority, but is upon its face outside of such scope, and therefore void.

In such a case bonds so issued are not enforceable, even by a bona fide holder for value. The learned counsel for the plaintiff urges the contrary of this proposition, relying mainly on a course of decision with respect to municipal bonds adopted by the federal courts, which certainly gives support to his contention. Indeed, the federal rule of decision in such cases has been applied by the United States circuit court of appeals, Second circuit, with respect to a portion of the very same issue of bonds of the defendant which is now under consideration. Town of Greenburg v. International Trust Co., 36 C. C. A. 471, 94 Fed. 755, where the court says:

"The bonds in suit were issued and negotiated conformably in all respects to the provisions of the act but one. They were negotiated at par, but not for cash, and under an agreement with the purchaser that, as to a portion of the price, payment might be deferred, and collateral securities substituted meanwhile. Assuming this to have been a departure from the statutory requirement, as the plaintiff was a bona fide holder of the bonds, without notice of the deviation by the agents of the town from the terms of their authority, the facts did not afford any defense to his action."

—Citing Mercer Co. v. Hacket, 1 Wall. 83, 17 L. Ed. 548; Grand Chute v. Winegar, 15 Wall. 355, 21 L. Ed. 174; Provident Life & Trust Co. of Philadelphia v. Mercer Co., 170 U. S. 593, 18 Sup. Ct. 788, 42 L. Ed. 1156.

It will be observed that the court assumed that the bonds in question were issued at par. I am informed that in that case there was no evidence, such as is now before me, showing the contrary. This fact, of course, greatly differentiates the two cases; but I am quite prepared to concede that the authorities cited by the court in support of its decision are quite broad enough to have sustained a similar conclusion, had it also appeared in that case that the sale was for less than par.

The only answer that can be made to the argument of the learned counsel for the plaintiff is that there is a conflict of decision between

the federal courts and those of this state upon this question. Cagwin v. Town of Hancock, 84 N. Y. 532. In the case cited, Judge Earl says (page 542):

"But the claim is made that the affidavit ought to be conclusive in favor of bona fide holders of the bonds. But there can be no bona fide holders of bonds, within the meaning of the law applicable to negotiable paper, which have been issued without authority. A town has no general authority to issue such bonds. It can issue them only by virtue of special authority conferred by some statute. Unless issued in the way pointed out by statute, they cannot bind the town. The statute specifies the powers of the agents of the town, and the precise conditions upon which the bonds could be issued, and all persons taking the bonds are chargeable with knowledge of the statute, and they must see to it that the statute has been complied with before they can with absolute safety take the bonds. Such is the law as laid down in this state. Town of Venice v. Woodruff, 62 N. Y. 463; Starin v. Town of Genoa, 23 L. Y. 439; People v. Mead, 36 N. Y. 224. There are, undoubtedly, decisions of the federal courts holding in favor of bona fide holders of such bonds a different doctrine, but those decisions have not been regarded as controlling authority in this court."

The case of Brownell v. Town of Greenwich, 114 N. Y. 518, 22 N. E. 24, 4 L. R. A. 685, is not in conflict with the above decision. It is there said that:

"The acts of the commissioners, as to all matters within the scope of the authority conferred upon them by the statute, were the acts of the town. Gould v. Town of Oneonta. 71 N. Y. 298. Hence irregularities in the manner in which the commissioners may have performed their duties cannot affect the validity of the bonds issued in the hands of an innocent holder for value. Town of Solon v. Williamsburgh Sav. Bank, 114 N. Y. 122, 21 N. E. 168."

It will be noticed that the decision rests upon the assumption that the act done, though irregularly done, was within the general scope of the agent's authority. But such is not the case here. There was no general power of sale in the commissioners, but only a special and limited one. They could sell for not less than par. They could not sell differently, and the attempt to do so was a manifest departure from the limit of authority set upon their actions by the statute. It was not an irregularity, but a nullity, and the bonds so dealt with never had any legal inception, and never became, and are not now, valid obligations of the defendant.

How far the court of appeals has been willing to go in recognizing any superior advantages growing out of the bona fides of the holder is apparently expressed in the case of Hoag v. Town of Greenwich, 133 N. Y. 154, 30 N. E. 842, where, referring to Brownell v. Town of Greenwich, 114 N. Y. 518, 22 N. E. 24, 4 L. R. A. 685, the court says (page 163, 133 N. Y., page 845, 30 N. E.):

"While we have had some doubts as to the application of the doctrine asserted in that opinion to municipal corporations (Bank of Batavia v. New York, L. E. & W. R. Co., 106 N. Y. 195, 12 N. E. 433; Parker v. Board, 106 N. Y. 392, 13 N. E. 308), and still think its application to such bodies should be attended with a degree of limitation and restraint, we see no reason why it should not apply where the limit of the general authority has not been exceeded, where no burden beyond that authorized has been imposed by some increase of the permitted debt, and where the defect complained of is in the mode and manner of executing and carrying out the general power conferred."

But, as I have already said, the trouble with the bonds in question is that the limit of the general authority of the commissioners

was exceeded by them in issuing said bonds as they did, and the case is not, therefore, one which gives the plaintiff the benefit of the rule which it invokes. It follows from what has been said that the motion made by the counsel for the plaintiff that a verdict be directed in its favor must be denied, and the motion made by counsel for the defendant for a dismissal of the complaint granted.

Motion for direction of verdict denied, and motion to dismiss complaint granted.