(13 App. Div. 376.)

## CUTLER v. PARSONS.

(Supreme Court, Appellate Division, First Department. January 22, 1897.)

1. ACCOMMODATION INDORSER—RELEASE—ACTION ON ORIGINAL DEBT.

An accommodation indorser of a renewal note is liable thereon though before the renewal a judgment was recovered against the maker on the original debt, pursuant to an agreement between the maker and the indorser that the judgment should not interfere with the outstanding note, where the renewal indorsement was made with knowledge of the agreement.

2. TRIAL—REQUEST FOR DIRECTION OF VERDICT.

An agreement by both parties that the jury should be discharged, and a verdict directed by the court, is equivalent to a request by both parties for the direction of a verdict, and is therefore an admission that only questions of law were involved.

Appeal from trial term, New York county.

Action by Edward N. Cutler against J. Rodman Parsons on a promissory note. From a judgment entered on a verdict directed by the court in favor of plaintiff, defendant appeals. Affirmed.

The case came on for trial April 7, 1896. On the trial, Mr. Carpenter, plaintiff's counsel, testified in regard to the agreement between the Franklin National Bank and Charles H. Parsons, that judgment should be confessed on the then outstanding note, as follows: "Q. Was anything said between you and them as to the effect which that judgment should have upon the note, if any? A. I can't give the exact language, but the substance of it was that the taking of the' judgment was not to interfere in any way with the outstanding note; that it would be in aid of it, and to protect the bank so far as it would inure to the benefit of the indorser." Defendant testified that he was not consulted about the judgment before it was obtained; that he did not know anything about the arrangement at the time the judgment was entered, or at any time. Defendant's counsel then renewed the motion to dismiss the complaint, and the following colloquy between the court and counsel occurred: "The Court: I will decide about this matter in the morning. It seems to me the evidence is all uncontradicted. Mr. Carpenter: Then I suggest that you take it, and hold it for a day or two, and let us put in briefs, and I suggest that the jury be discharged by consent. Mr. Merrill: If it is understood that your honor will give a direction one way or the other. If the case goes over beyond to-morrow morning, it may as well go over beyond this week, for convenience. The Court: You will understand that the jury is impaneled in the case, and the decision will be in the direction of a verdict one way or the other, the motions to be heard in the first instance, or whatever it may be." The case was then adjourned until April 14th. On April 19th the court directed the jury to find a verdict for plaintiff for $4,450.18.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

John K. Creevey, for appellant.

J. C. Ross, for respondent.

PATTERSON, J. This action was brought to recover from the defendant, as the indorser of a promissory note, a balance claimed to be due upon that note. The plaintiff is the assignee of the Franklin National Bank, which bank, on or about June 11, 1895, took from Charles H. Parsons & Sons a promissory note (being the one in suit) for the sum of $5,000 and interest, indorsed by the defendant. That note was given as a renewal of a prior note made and indorsed by the same parties, which prior note, according to its terms, fell due

on the day on which the renewal note was given. The defendant in this action was an accommodation indorser, and that he was such was known to the president of the Franklin National Bank. On or about the 25th of May, 1895, and before the maturity of the note dated March 11, 1895, an arrangement was made between Charles H. Parsons (who was the only person doing business as Charles H. Parsons & Sons) and the Franklin National Bank, pursuant to which an action was begun in the supreme court by the bank against Charles H. Parsons, to recover upon an original cause of action for money loaned to Charles H. Parsons & Sons, that being the consideration for which the first of the series of renewal notes was given. Judgment was entered in that action upon an offer of Charles H. Parsons to allow it to be taken. After such judgment was entered, an execution was issued thereon, which seems to have been returned unsatisfied. Proceedings supplementary to execution were then instituted, and the president of the Franklin National Bank was appointed receiver of the property of Charles H. Parsons. All this was done before the maturity of the note dated March 11, 1895, and therefore before the defendant indorsed and delivered to the Franklin National Bank the note in suit, the only consideration for which note, as between the Franklin National Bank and the defendant, was the renewal of the old one. It is set up as a defense to this action that the institution of the suit upon the original consideration for which the first note, indorsed by the defendant, was given, operated as a satisfaction and extinguishment of the indorser's liability upon the note of March 11th, and that, therefore, when the note of June 11th was indorsed by him, it was known to the bank that no liability of the defendant on the prior note existed, and that, as the indorsement was made solely to renew the prior note, and, in the nature of the transaction, was limited to that purpose, there can be no recovery now by the bank against this defendant.

The legal effect of the institution of the suit for the original cause of action, and the recovery of the judgment in that suit against the maker of the note, and the enforcement of that judgment, might, ordinarily, be to effect the extinguishment of the liability of the indorser of the note. The rule of law is well established that, where a promissory note is taken as evidence of an indebtedness, on the maturity of the note and its dishonor the holder may sue on the original cause of action, but he must be ready to deliver up the note, and his election to sue on the original cause of action is regarded as a determination on his part to relinquish a claim on the note, and to rely upon the original indebtedness as the ground of his claim. It is not necessary that there should be an actual transfer or delivery of the note. It is impliedly canceled by the election to sue on the original cause of action. Whatever releases the maker generally releases the indorser. Therefore, under ordinary circumstances, the act of the bank in suing for the money loaned, and in recovering a judgment and issuing execution, might, as the defendant contends, operate as an extinguishment of the liability of the maker on the note itself, and hence that of the indorser, for his obligation would become

fixed only on default of the maker in discharging an obligation enforceable against him. But it is unnecessary here to pass upon the effect of that transaction, for it appears in this record that the right of the bank as against the defendant, as indorser, was saved. It is not necessary to inquire whether it was competent for the maker of the note to enter into an agreement with the bank that the liability of the indorser on the note of March 11, 1895, should be preserved, notwithstanding the recovery of a judgment on the original cause of action for which that note was given. There are cases in the books which would seem to indicate that the maker, under such circumstances, might stipulate for the preservation of his own liability upon the note, and from which the inference might be drawn that, his liability continuing, that of the indorser would continue; but in this case there is evidence that all that was done with reference to the action and the judgment was done with the knowledge of the defendant, and that with that knowledge he consented to renew the note of March 11th, that consent being testified to by his indorsing the new note with the knowledge of what had happened concerning the old one. The evidence upon that subject satisfied the judge by whom the cause was tried that the defendant had the knowledge imputed to him; and, under the procedure that was had at the trial, we cannot hold that the evidence was insufficient. The issues were not submitted to a jury, although one was impaneled. It was agreed by both parties that the jury should be discharged, and that a verdict should be directed by the court. That was equivalent to a request by both parties for the direction of a verdict, and is, in substance, an admission that only questions of law are involved, and that there are no disputed questions of fact. Williamsburgh Sav. Bank v. Town of Solon, 65 Hun, 166, 20 N. Y. Supp. 27. "All the controverted facts and all inferable facts in support of the judgment will be deemed conclusively established in favor of the party for whom the verdict was directed." Koehler v. Adler, 78 N. Y. 287.

We must therefore consider it as conclusively settled that the defendant knew of the entry of the judgment, knew that the judgment was to be enforced, knew that the liability of the maker was preserved upon the note of March 11th, and knew that he was giving an indorsement on a renewal note, and thereby confirming his liability as indorser upon the note which otherwise might have been satisfied by the action of the bank in enforcing the original consideration. Here this defendant had knowledge of all the facts, and was informed that the arrangement was made partly for his benefit. He, in effect, assented to what was done, and no new consideration was necessary to make his renewal indorsement a binding obligation upon him.

The judgment must be affirmed, with costs. All concur.