THE CITY OF QUINCY, Appellant, *v.* ELISHA N. WARFIELD, Appellee.

THE SAME, Appellant, *v.* THOMAS CHAPMAN, Appellee.

### APPEAL FROM ADAMS.

Where a municipality is only authorized to issue bonds bearing eight per cent. interest, if issued bearing twelve, they will be valid *pro tanto*, and the city will be holden for eight per cent.

City of Quincy *v.* Warfield.    Same *v.* Chapman.

The municipal authorities of a city being authorized to issue bonds generally, though to a limited amount in each year, may, without express authority, issue such bonds in lieu of others overdue; such authorities being the proper judges of the propriety of such action.

Where nothing is shown to the contrary, it will be intended that the bonds were properly issued; and if the recommendation of a finance committee was necessary to authorize the issuance of bonds, it will be inferred that such authority was granted.

A demurrer to special pleas, amounting to the general issue, should be sustained.

THIS was an action of debt brought by the appellee, Warfield, against the appellant, in the Circuit Court of Adams county, and tried by SIBLEY, Judge, a jury being waived, at the June term thereof, A. D. 1860, who rendered a judgment against the appellant for· $1,523.22 debt, $72.99 damages, and costs of suit, from which judgment an appeal is taken.

The declaration contained two counts, the first special, and counting on the legal effect of a bond made by the city of Quincy on the 28th day of August, A. D. 1858, for the sum of $1,523.28, payable in one year thereafter, on presentation at the office of the clerk of said city, to the plaintiff; and the second containing the usual common counts, (including an item for interest.)

To the second or common count, *nil debit* was pleaded, and issue joined.

To the first count there was pleaded four special pleas.

1st.    *Non est factum;* whereon issue was joined.

2nd.    That no presentation for payment was ever made of said bond; whereon issue was also joined.

3rd.    That said writing obligatory in said first count mentioned, was given by the said city in the renewal of a certain city bond, payable to George Padgett, and then held by plain·tiff, and that in so renewing the same, the said plaintiff was allowed interest at a rate exceeding eight per cent., although by the law of this State, the said city was then prohibited from issuing bonds at any rate of interest exceeding eight per cent.

4th.    That at the time of the making of the said bond in the first count mentioned, the said defendant being then indebted to the plaintiff in the sum of $1,360, and no more, on her certain writing obligatory, payable to Patrick Shanahan, and then held by the plaintiff, which said sum was then and there presently due and payable, it was then and there agreed by and between said city of Quincy and the said plaintiff, that the said plaintiff should forbear and give time to the defendant for the payment of said indebtedness, for the time of one year then next ensuing; and that in consideration of such forbearance, the said defendant should pay to the plaintiff, as and for interest on said indebtedness, the sum of $163.21, being interest on said indebtedness, at a rate exceeding eight per cent. per annum, to wit,

at the rate of twelve per cent. per annum, for the said term of one year, and the said interest to be paid at the expiration of said term of one year; and that for the better securing of the payment of said principal sum, and the said interest, the said defendant shall then and there make and deliver to the plaintiff her writing obligatory, to be dated the said 28th day of August, A. D. 1858, for the sum of $1,523.22, payable to the plaintiff in one year after said date. And the said defendant in fact saith, that in pursuance of said agreement, the said defendant did then and there make and deliver to the plaintiff, the said writing obligatory, and so the defendant says, the said writing obligatory was issued in contravention of the laws of this State, and was and is illegal and void.

To the 3rd and 4th pleas, general demurrers were filed, and sustained by the court.

On the trial of the case, the plaintiff read in evidence the bond described in the first count of the declaration, and proved due presentation of the same for payment, according to the terms thereof, before the commencement of the suit, and its due execution by the plaintiff. And also read in evidence a resolution of the city council of said city, passed on the 12th day of July, A. D. 1858, in relation to the bonds of said city, and duly recorded as follows: "Resolved, that the mayor and city clerk are hereby authorized to issue city bonds for the renewal of such city bonds as are now due and to become due during the fiscal year, upon such terms as the finance committee may deem for the best interest of the city, whenever such bonds shall be presented."

And the plaintiff also proved that the bond sued on was given on the day it bears date, in lieu and in settlement of a bond by the said city to Patrick Shanahan, on which at said date there was due $1,360, and no more, and which then being held by said Warfield, was surrendered to said city, and destroyed, and that the amount of the bond on suit was the amount due on said bond to said Shanahan, and twelve per cent. interest thereon, and in addition thereto, for one year, the time for which the payment thereof was postponed, as shown by said fourth plea.

This was all the evidence in the case, offered by either party.

The court thereupon found the issues for the plaintiff; to which opinion of the court in finding the issues for the plaintiff, the defendant excepted, and moved the court for a new trial, which motion the court overruled, and rendered the judgment aforesaid; to all which the defendant excepted, and prayed an appeal, which was granted.

The errors assigned are, that the court erred in sustaining the demurrers to appellant's third and fourth pleas; in overruling

appellant's motion for a new trial; and in rendering the judgment aforesaid.

WHEAT & GROVER, for Appellant.

BROWNING & BUSHNELL, for Appellees.

, BREESE, J. Express authority is given to the city council of the city of Quincy, to issue bonds to an amount not exceeding, at any one time, in the aggregate, the sum of seventy-five thousand dollars, and not bearing a rate of interest higher than eight per cent. per annum, to be paid annually or semi-annually, at the option of the city council. (Priv. Laws, 1857, page 1052.)

The bond in question, was issued in August, 1858, in lieu of another bond issued by the city, and the accumulated interest thereon, and then overdue, and made to bear interest at the rate of twelve per cent. per annum.

The case went to the jury on the plea of *non est factum*, and that no presentation for payment was made before suit brought, both which issues were found for the plaintiff Warfield. The court ruled out, on demurrer, two other pleas filed by the city, and properly, because neither of them set up any defense that could not be available under the general issue. They are both wanting in nearly all the essentials of a plea of usury.

It is urged now here on this appeal, that the city is not liable on this bond, because it stipulated for the payment of twelve per cent. interest per annum; that it is void because the city had no power to execute bonds for bond indebtedness, for the purpose of procuring an extension of time for payment, or for any other purpose, and no power to issue a bond for any purpose, bearing more than eight per cent. interest per annum.

A reference to the various charters, amendatory and otherwise, of the city of Quincy, to be found in Laws of Special Session of 1839, page 113—in the Private Laws of 1857, at pages 163 to 175, and 1052, will show that no express power is granted to issue a bond for and in lieu of an overdue bond, but the general power to issue them within a fixed limit as to amount, is expressly given, as we have stated, and without any regard to the purpose. It is true, the provisions of the charter, authorizing the issuing of bonds, do contemplate that the city council will provide by taxation for their payment when due, being required to establish a sinking fund for such purpose, and doubtless this is the true policy. But in the judgment of the city council, it may not be expedient or wise to levy the annual tax necessary for such purpose. Such may be the condition of the tax payers as to render it extremely difficult to raise the taxes,

added to their various other heavy burdens, and it might be, for the exigency, good policy, to pay interest for further time.   Of this, the city council should judge, and as the original bond was issued in pursuance of their chartered powers, we are not satisfied that they could not issue another in renewal of it, if not prepared to pay it.   Individuals and all corporations so act, and in such a matter, a municipal corporation should not be an exception, unless the charter of their powers expressly restrains them, which is not pretended in this case.

But it is said the bond is void, because it stipulates for a greater rate of interest than eight per cent. per annum.   In the case of *Johnson* v. *Stark County*, 24 Ill. 75, we recognized the doctrine that in exercising a power, all acts performed in excess of, or beyond the power delegated, must be rejected as unwarranted ; but if, after the rejection of such acts, there has been enough done to show a proper execution of the power, the act will be sustained, irrespective of the acts performed beyond the power delegated.   In other words, so much of the act done as is within the power granted, shall be upheld, whilst all beyond the power shall be rejected as an excess of power.

Upon this ruling in this case, we must decide, and do decide that the bond is valid and binding on the city, with interest, to be calculated at eight per cent. per annum.   It is not vitiated by the excess, but only *pro tanto*, and the court trying the case should have made the deduction, and given judgment for the bond, with interest at eight per cent. per annum, the city having no power to stipulate for interest beyond that rate.

As to the other objection, that it is not shown the resolve of the city council of July 12, 1858, under which this bond was issued, was based upon the recommendation of the finance committee, we can only say, we will so intend, there being nothing averred or shown against such an intendment.

For the excess of interest adjudged against the city, the judgment is reversed, and the cause remanded for other proceedings not inconsistent with this opinion.

*Judgment reversed.*

CITY OF QUINCY,
*v.*
THOMAS CHAPMAN.

BREESE, J.   This case is in all material respects the same as the preceding case.   The demurrer to the third, fourth and fifth pleas was properly sustained, for the reason they present no defense which could not be made under the general issue, and are not formally or substantially pleas of usury.

21

The judgment, for the reasons given in the case of the *City of Quincy* v. *Warfield*, *ante*, is reversed, and the cause remanded.

*Judgment reversed.*