[Argued June 22; decided July 26, 1897.]

## MORRIS *v.* TAYLOR.

(49 Pac. 660.)

1. MUNICIPAL CORPORATIONS—LIMIT OF INDEBTEDNESS.—The indebtedness of a city is not increased by the issue of bonds in place of outstanding warrants against the city which are to be taken up by the bonds issued.

2. POWER OF MUNICIPALITY TO ISSUE BONDS.— A city which has express power to borrow money for municipal purposes and issue or dispose of negotiable or other municipal bonds may issue bonds in lieu of and for the purpose of funding its floating indebtedness.

From Clatsop: THOMAS A. McBRIDE, Judge.

Application by Morris & Whitehead, a corporation, for a writ of mandamus compelling Frank J. Taylor, mayor of the City of Astoria, and others, to execute and deliver to the applicant certain municipal bonds. From a judgment denying the application, said applicant appeals.

                                        REVERSED.

For appellant there was a brief and an oral argument by *Mr. Ralph E. Moody.*

For respondent there was a brief and an oral argument by *Mr. Frank J. Taylor, in pro. per.*

Opinion by MR. JUSTICE BEAN.

In April, 1897, the City of Astoria, having a bonded indebtedness of $100,050, and a floating indebtedness, represented by warrants owned by the plaintiff, of $90,000, passed an ordinance providing for the exchange of negotiable twenty-year bonds of the city, bearing semiannual interest at the rate of 6 per cent. per annum, for said warrants. By this ordinance it was provided that the bonds should be deposited with the city treasurer, and by him kept in a safe place until such time as the plaintiff, or its duly authorized agent, should deliver to him any of the warrants in lieu of which the bonds were to be issued, when he should deliver to it or its agent bonds equal in amount to the sum then due on the warrants so surrendered, and continue to deliver bonds, as fast as warrants were surrendered to him, until the contemplated exchange should be completed, and that the warrants so surrendered should be immediately canceled. A question having subsequently arisen as to whether the city, under its charter, had such authority to issue such bonds, and the officers thereof having refused to execute or deliver them, this action was instituted to test that question; and, a *pro forma* judgment having been entered in favor of the city officers, the plaintiff brings this appeal.

1. Two questions are presented by the record: *First*, whether the issue of such bonds is violative of the charter, which provides that the indebtedness of

the city shall never exceed in the aggregate the sum of $200,000, and that any debt or liability incurred in excess thereof, except certain specified indebtedness, not necessary to be here mentioned, shall be null and void and of no effect; and, *second*, whether the provisions of the charter authorizing the city " to borrow money on the faith of the city, or loan the credit thereof, or both, for purely municipal purposes, and to issue or dispose of negotiable or other municipal bonds with interest coupons attached," empowers it to issue negotiable bonds for the purpose of funding its outstanding indebtedness. The first question seems easy of solution. By the express provisions of the ordinance, the bonds shall only be issued to a holder of the outstanding warrants in exchange and as a substitute therefor, so that the aggregate indebtedness could not be thereby increased in any way, but the transaction would simply operate as an exchange of one evidence of indebtedness for another, without increasing the amount thereof.*

2.    The other objection to the validity of the proposed bonds is based upon the proposition that a municipal corporation, without explicit authority, cannot lawfully issue negotiable bonds for the purpose of funding its floating indebtedness; and, while this question is not by any means free from doubt, we are inclined to the opinion, from a careful review of the authorities, that when a municipality has the express power to borrow money for municipal purposes, and

*NOTE.—On this subject and to the same effect see these cases : *Doon Township* v. *Cummings*, 142 U. S. 366 (12 Sup. Ct. 221): *Bannock County* v. *Bunting*, (Idaho) 37 Pac. 277; *State ex rel* v. *McGraw*, 12 Wash. 440 (41 Pac. 893).—REPORTER.

to issue or dispose of negotiable or other municipal bonds, it may, under such power, issue bonds in lieu of, and for the purpose of funding, its floating indebtedness. Such seems to be the rule deducible from the following authorities: Simonton on Municipal Bonds, § 125; *City of Quincy* v. *Warfield*, 25 Ill. 279; *City of Galena* v. *Corwith*, 48 Ill. 423; *Village of Hyde Park* v. *Ingalls*, 87 Ill. 13; *Rogan* v. *City of Watertown*, 30 Wis. 259; *Town of Solon* v. *Williamsburgh Savings Bank*, 114 N. Y. 122 (21 N. E. 168); *Portland Savings Bank* v. *City of Evansville*, 25 Fed. 389; *Commonwealth* v. *Councils of Pittsburgh*, 41 Pa. St. 278. An analysis or review of these cases or any further discussion of the question must be dispensed with, in view of the limited time at our disposal. The judgment of the court below is reversed and the cause remanded, with directions to issue the peremptory writ of mandamus as prayed for.

REVERSED.