## HYDE v. EWERT, Mayor, et al.

1. In determining the indebtedness of a city, that of a school corporation having the same boundaries is not to be considered.

2. There is no increase of the indebtedness of a city, within constitutional prohibitions, by the issue of bonds, where they are exchanged at par for an equal or greater amount of pre-existing legal bonds bearing greater interest.

3. In the issuing of bonds under Laws 1899, c. 51, § 1, authorizing a city, by and through its city council, when, in the judgment of such council, it is best, to issue bonds to refund its bonded indebtedness, Laws 1890, c. 37, art. 5, § 1, providing that the issuing of bonds under that act shall be only on authority of vote of the electors, does not apply.

4. A city, having created a valid bonded debt, has power, without any

special legislative authority, to, with the consent of the bondholders, reduce the same by issue of a smaller amount of bonds therefor.

(Opinion filed Aug. 4, 1902.)

Appeal from circuit court, Hughes county. Hon. LORING E. GAFFY, Judge.

Action by Charles L. Hyde against Adolph Ewert, mayor of the city of Pierre, and others. Judgment for defendants, and plaintiff appeals. Affirmed.

*Ivan W. Goodner* and *John Sutherland*, for appellant.

*Chas. E. De Land* and *T. P. Estes*, for respondents.

HANEY, P. J. This is an action to enjoin the issuing of certain refunding bonds. The plaintiff appeals from a judgment of dismissal on the merits. To avoid any misunderstanding regarding the facts upon which our conclusions are based, the findings of the learned circuit court, to which no objections are made, will be reproduced in extenso. Such findings are as follows:

"(1) That the plaintiff is a citizen of the United States and of the state of South Dakota, and a resident, freeholder, taxpayer, and elector of the city of Pierre, county of Hughes, and state of South Dakota, and has been such for more than ten years last past.

"(2) That the defendant Adolph Ewert is the duly elected, qualified, and acting mayor of the city of Pierre aforesaid; that the defendants Robert Brandhuber, Truels Madsen, Louis Kehr, Lester H. Clow, Albert Wheelon, Robert L. Kelly, C. B. Billinghurst, and E. D. Stoddard are the duly elected, qualified, and acting members of and constituting the city council of said city of Pierre; and that the defendant Noah Newbanks

is the duly appointed, qualified, and acting city auditor of the said city of Pierre.

"(3) That the said city of Pierre is now, and was at and during all the times mentioned in the complaint, a municipal corporation duly created, organized, and existing under and by virtue of the general laws of the state of South Dakota relating to the incorporation of cities.

"(4) That on the 1st day of April, 1902, and also at the date of making these findings of fact, the indebtedness of the city of Pierre aforesaid, as shown by its records, was and is as follows: Park bonds issued June 1, 1889, $15,000; funding bonds issued July 1, 1890, $25,000; funding bonds issued October 1, 1890, $100,000; funding bonds issued October 1, 1891, $150,000; past due interest upon said bonded indebtedness about $145,000. That the bonds of the board of education of the city of Pierre in the sum of $178,000, mentioned and alleged in paragraph 4 of the complaint, are not and do not constitute any part of the bonded or other indebtedness of said city of Pierre. That on the 1st day of April, 1902, and upon this date, the total bonded indebtedness of said city of Pierre, including past-due interest upon said bonds, was and is the approximate sum of $435,000. That none of said indebtedness has been paid, and the same, and the whole thereof, is still outstanding at this date, as shown by the records of said city of Pierre. That the total assessment and assessed valuation of all taxable property within the said city of Pierre, returned by the city assessor for the year 1901, was the sum of $864,340, as equalized. That said park bonds in $15,000 bear interest at the rate of 7 per cent., said funding bonds in $25,000 bear interest at the rate of 6 per cent., said funding bonds in $100,000

bear interest at the rate of 6 per cent., and said funding bonds in $150,000 bear interest at the rate of 6 per cent. per annum, payable in all cases semi-annually. That each and all of said bonds were and are legal and valid obligations of the said city of Pierre. That when said bonds were issued, respectively, the same, and each and all of them, were for sums and amounts of indebtedness of said city which were within the constitutional and statutory limitations of indebtedness for and applying .to said city of Pierre at the time of the incurring of the indebtedness and indebtednesses represented and evidenced by said bonds, respectively. That the total assessed valuation of all of the taxable property within the said city of Pierre for the years 1888, 1889, 1890, and 1891, respectively, was and were as follows, viz.: For the year 1888, $622,499; for the year 1889, $991,869; for the year 1890, $3,169,173; and for the year 1891, $6,022,084.

"(5) That at a special meeting of the city council of said city of Pierre, duly and regularly called and held at the city council rooms in said city on the 25th day of May, 1902, there was introduced and given its first reading in said city council Ordinance No. 183, entitled 'An ordinance to provide for the issuance of refunding bonds of the city of Pierre, for the purpose of refunding the outstanding bonded indebtedness thereof, and for levies of taxes by said city to pay the principal and interest of said refunding bonds.' That on the 2d day of June, 1902, at a meeting of said city council, duly and regularly held at the usual place of meeting thereof in said city, said ordinance was reported back by the committee to which it had been referred, with the recommendation that said ordinance do pass. That thereupon said ordinance was given its second

reading, and duly put upon its final passage, and upon a roll call all the members of said city council present at said meeting, to-wit, the defendants Robert Brandhuber, Truels Madsen, Louis Kehr, Lester H. Clow, Albert Wheelon, C. B. Billinghurst, and E. D. Stoddard, voted in favor of the passage of said ordinance, and the same was thereupon by the mayor aforesaid, presiding at the council meeting, declared to be duly and regularly passed, and the same was thereupon and upon said date, to wit, June 2, 1902, approved by the defendant Adolph Ewert, mayor aforesaid, and the signature of said mayor was attested by the signature of Noah Newbanks, city auditor, of said city of Pierre, and the seal of said city thereunto attached. That said city ordinance has been duly published in the official newspapers of said city of Pierre as required by law.

"(6) That it is the intention of the said city of Pierre, its said city counsel, and the defendant authorities thereof, by and through said city council and the proper officers of said city, to issue no more of said proposed refunding bonds of said city of Pierre than shall be necessary in order to refund said bonded indebtedness of said city of Pierre, and retire and cancel all of said funding bonds mentioned and described in the complaint and in said ordinance and the resolution therein contained, by and through the exchange of said refunding bonds for said outstanding funding bonds, such refunding bonds not to exceed in any event the sum of $225,000 in par value thereof. That said proposed exchange of refunding bonds for said outstanding funding bonds will not result to the damage or injury of plaintiff or any other taxpayer of said city of Pierre, but, on the contrary, will be greatly to the advantage and benefit of

plaintiff and all other tax payers and owners of property sub-
ject to taxation in said city of Pierre. That thereby, and by
the agreed terms of exchange of said proposed refunding bonds
for said outstanding funding bonds, the amount of principal of
said outstanding bonded indebtedness will be greatly lessened
and reduced, and the interest thereon in amount and rate will
thereby be reduced from not less than 6 per cent. per annum to
2 per cent. per annum for the first three years, and 3 per cent.
per annum thereafter and until the maturity of the said pro-
posed refunding bonds, and the burden of taxation hereafter and
during the lifetime of said proposed refunding bonds will, as a
consequence, be greatly relieved to plaintiff and all other of
said taxpayers.

"(7) That said ordinance No. 183 is in the words and
figures following, to-wit:

" 'An ordinance to provide for the issuance of refunding bonds
of the city of Pierre for the purpose of refunding the out-
standing bonded indebtedness thereof, and for levies of
taxes by said city to pay the principal and interest of
such refunding bonds. Be it ordained by the city council
of the city of Pierre:

" 'Section 1. Whereas, the existing and outstanding
bonded indebtedness of the city of Pierre, to wit, the indebted-
ness evidenced by the various issues of funding bonds of said
city hereinafter mentioned and described, is, as regards a large
portion of said bonded indebtedness, long past due and pay-
able, and other and large portions thereof are about to become
due and payable, and whereas, such bonded indebtedness can
now be refunded at a lower rate of interest than the existing
rate of interest which said funding bonds bear, and the princi-

pal of said indebtedness can now be refunded at a much smaller amount of principal in such refunding bonds, and whereas, it is deemed, in the judgment of the city council of said city to be to the best interests of the city to issue its negotiable refunding bonds in the name of the city for the sole purpose of refunding the said outstanding bonded indebtedness of said city of Pierre, in the sum of $225,000, of par value of such refunding bonds, all as hereinafter set forth, and provided, and whereas, it is deemed, in the judgment of said city council, to be necessary, in the process of exchanging such refunding bonds for said outstanding funding bonds and coupons, and in order to deal with each owner thereof in making such exchange and otherwise to further effectuate said refunding process, to issue such refunding bonds in part of the denomination of $100, in part of the denomination of $250, and in part of the denomination of $500 each, it is therefore resolved, and ordained, by the said city council, that said outstanding bonded indebtedness be refunded and said outstanding funding bonds retired and canceled, by and through the issuance by the city of Pierre, in exchange of such refunding bonds for said funding bonds, such issue of refunding bonds to be in the aggregate sum of $225,000, in par value thereof.

" 'Sec, 2. Said refunding bonds shall be dated April 1, 1902, and shall be made payable twenty years from and after their date. They shall be made payable to the purchaser or bearer, in lawful money of the United States of America, at the Chemical National Bank of New York City. They shall bear interest at the rate of 2 per cent. per annum for and during the first three years after date, and at the rate of 3 per cent. per annum thereafter until maturity of said bonds, and

shall have interest coupons attached thereto of even date with said bonds; such coupons shall be made payable to bearer; said interest shall be payable semiannually; and said coupons shall provide for payment of interest at the rates above specified, according to the particular years during which such coupons shall become due, respectively, and shall be numbered consecutively from 1 up to 40. Each of said bonds shall recite upon its face the purpose for which it is issued, that it is duly issued under, pursuant to and in accordance with the provisions of Chapter 51 of the Session Laws of 1899 of South Dakota, and shall quote the title of said act in full; shall further recite that before the issuance thereof the city council of the city of Pierre duly and in accordance with said act levied upon the taxable property of the city of Pierre, for each and every year during the life of such bond, a sufficient tax to pay the principal and interest of such bond and of all such refunding bonds, and that at least a like amount of said funding bonds were surrendered and canceled upon issuance of such refunding bond; shall further recite the total number and amount of all of such refunding bonds, and that such bonds were issued pursuant to a resolution of said city council whereby such council deemed in its judgment that it was for the best interests of said city of Pierre to issue such bonds for the sole purpose of refunding the bonded indebtedness of said city of Pierre; shall further recite that all acts, conditions and things required by law to be done precedent to and in the issuance of such bonds have been properly done, happened and been performed in regular and due form as required by law, aud that the total indebtedness of said city of Pierre did not exceed the constitutional and statutory limit of indebtedness at the time of the issuance of said

outstanding funding bonds to be refunded by issuance of such refunding bonds, and that said outstanding funding bonds are valid obligations against the said city of Pierre. A copy of chapter 51 of the Session Laws of 1899 of South Dakota, shall be printed or lithographed upon the back of each and all of such refunding bonds, and said bonds shall recite upon their face that said act is printed or lithographed upon the back thereof. Said refunding bonds shall be numbered from one up, consecutively. 200 of said bonds shall be of the denomination of $100 each, 100 of said bonds shall be of the denomination of $250 each, and 360 of said bonds shall be of the denomination of $500 each. Each and all of said bonds shall be signed by the mayor of the said city of Pierre, and attested by the city auditor of said city, and the seal of the city of Pierre shall be affixed thereto. The fac simile signature of said mayor and city auditor shall be lithographed or engraved upon each and all of the interest coupons attached to said refunding bonds.

" 'Sec. 3. The said outstanding funding bonds of said city of Pierre, to be so refunded under and pursuant to this ordinance are as follows, viz: $15,000 of city park bonds, dated June 1, 1889, payable June 1, 1909, or June 1, 1899, at said city's option; $25,000 of funding bonds dated July 1, 1890, payable July 1, 1910, or July 1, 1900, at said city's option; $100,000 of funding bonds dated October 1, 1890, payable July 1, 1910, or July 1, 1900, at said city's option; and $150,000 of funding bonds dated October 1, 1891, payable October I, 1911, or October 1, 1901, at said city's option

" 'Sec. 4. Any or all of said refunding bonds provided for in this ordinance may be exchanged at not less than par value for not less than an equal amount thereof at par value of said

funding bonds of said city of Pierre to be refunded under and pursuant to the ordinance. No bond issued under and pursuant to this ordinance shall be delivered to the owner of the funding bonds of said city for which said refunding bond may be ex· changed, until at least·a like and equal amount of said funding bonds are surrendered by the owner or owners thereof to the city of Pierre and canceled. And no more of said refunding bonds shall be issued than shall be necessary in order to refund said bonded indebtedness of the city of Pierre and retire and cancel all of said funding bonds, by and through the exchange of said refunding bonds for said funding bonds.

" 'Sec. 5. Each and all of the refunding bonds issued as in this ordinance provided, shall, before delivery thereof to the owner or owners of said funding bonds exchanged therefor, be presented by the city auditor to the city treasurer of said city of Pierre, who shall register them in the city bond register, wherein he shall also enter the number of each bond, its date, the date of its maturity, its amount, rates of interest, and to whom and where payable, and said treasurer shall copy and record in said bond register one of each of said three denominations of bonds in full, together with two interest coupons attached to one of each of said three denominations of bonds, one of which said coupons shall evidence interest for one of the first three years covered by said bonds, and the other coupons so copied shall evidence interest for one of the succeeding seventeen years covered by said bonds.

" 'Sec. 6. There is hereby levied by the city council of the city of Pierre, and it is hereby resolved by said city council that there be and is hereby levied upon the taxable property of the city of Pierre, for each and every year from and includ-

ing the year 1902 until and including the year 1921, the following tax to pay the principal and interest of the said refunding bonds provided for in this ordinance, viz.: For each of the years 1902, 1903, and 1904, the sum of $4,500 to pay the interest upon said bonds, and the further sum of $11,250 for each of said three years, to apply in payment of the principal of said refunding bonds; and for each of the years 1905, 1906, 1907, 1908, 1909, 1910, 1911, 1912, 1913, 1914, 1915, 1916, 1917, 1918, 1919, 1920, and 1921, the sum of $6,750, to pay the interest upon said bonds, and the further sum of $11,250, for each of the said years last above enumerated and designated, to apply in payment of the principal of said refunding bonds. This ordinance providing for such payment of principal and interest of said refunding bonds, and for said levies of taxes and each and all of them shall be and remain irrepealable until said debt evidenced by said refunding bonds shall be fully paid. There is hereby appropriated, to and for the sole purpose of paying the principal and interest of said refunding bonds, each and all of the foregoing specified sums of money so as aforesaid levied, out of the interest fund so far as said levies are made to pay interest, from year to year during the period covered by said bonds, and out of the sinking fund so far as said levies are made to pay the principal; and there is hereby created an interest fund out of and constituted by said taxes so levied for interest, all of which taxes shall when collected be covered into said fund, to be applied solely to the payment of interest upon said refunding bonds, and no part of said taxes or fund shall ever be paid out or applied for or to any other purpose than as aforesaid; and there is hereby created a sinking fund out of and constituted by said taxes so levied

to provide for payment of the principal of said refunding bonds, all of which taxes shall when collected be covered into said sinking fund, to be applied solely to the payment of the principal of said bonds, and no part of said taxes or sinking fund shall ever be paid out for or applied to any other purpose than as aforesaid. Said levies of taxes, and each and all of them hereinbefore made, shall be included in and made a part of the regular annual levy of taxes to be made by said city council of the city of Pierre in September of each and every year, and from year to year during the period covered by said bonds, or at such other time or times as may hereinafter be provided by law for such annual levies to be made; and such levies, and each and all of them, shall duly and in accordance with law be certified by the city auditor of the city of Pierre to the county auditor of Hughes county, South Dakota, from year to year during said period, for extension upon the tax roll or list of said county, under and pursuant to the laws of this state.

" 'Approved the 5th day of June, 1902. [Signed] A. W. Ewert, Mayor. Attest: Noah Newbanks, City Auditor.

"(8) That said city of Pierre, and said city council and the other defendant authorities of said city, are now proceeding, under and pursuant to said Ordinance No. 183, and the resolution therein contained, in finding No. 7 set forth, to issue said refunding bonds of said city of Pierre, and under and pursuant to the provisions of chapter 51 of the Session Laws of the state of South Dakota for 1899, entitled 'An act to provide for the issuance of bonds by cities in the state of South Dakota for the purpose of refunding outstanding bonded indebtedness thereof,' approved February 16, 1899, and not otherwise, and for the sole purpose of refunding the outstanding bonded indebted-

ness of said city of Pierre by exchange of such refunding bonds for said outstanding funding bonds of said city, such refunding bonds not in any event to be issued in amount to exceed the sum of $225,000 in par value thereof. That it was deemed in the judgment of said city council of the city of Pierre at the time of passage of said ordinance and the resolution therein contained, and was so expressly stated therein, to be to the best interests of said city of Pierre to issue its negotiable refunding bonds in the name of said city of Pierre for the sole purpose of refunding said outstanding bonded indebtedness of said city. That a large part of the interest upon said bonded indebtedness was then and is now past due and payable and unpaid, and a large part of the principal of said bonded indebtedness was then and is now about to become due and payable. That at that time and at the present time said outstanding bonded indebtedness could and can now be refunded, and in said ordinance and the resolution therein contained it was expressly stated that said bonded indebtedness could be refunded at a lower rate of interest than the then existing rate of interest on said bonded indebtedness, and as to the principal of such bonded indebtedness, at a much smaller amount of principal in such refunding bonds.

"(9) That said city of Pierre was at the time of passage of said Ordinance No. 183 and is now unable to pay said past-due interest upon said outstanding bonded indebtedness of said city sought to be refunded by issuance of said proposed refunding bonds, or to provide for prompt payment of such part of the principal thereof as is soon to become due and payable, after repeated tax levies against the taxable property of said city have been duly made by the proper authorities of said

16 S. D.—10

city therefor. That said city of Pierre and the authorities thereof have always regarded and treated said outstanding bonded . indebtedness as lawful obligations of said city, and for many years, while said city was better able to raise money by taxation than at present, said city paid the interest upon said bonded indebtedness, either in whole or in part.

"(10) That at the time of passage of said Ordinance No. 183 and the resolution therein contained said city council of said city of Pierre duly and in proper form of law, and under . and pursuant to the provisions of said chapter 51 of the Session Laws of the state of South Dakota for 1899, levied upon the taxable property of said city of Pierre for each and every year during the life of said proposed refunding bonds of said city a sufficient tax to pay the principal and interest of such refunding bonds at maturity; which said levy is made and set forth in section 6 of said ordinance and resolution, and embodied in the seventh finding of fact. That said ordinance and resolution so as aforesaid providing for payment of the principal and interest of said refunding bonds, and for said levies of taxes therefor, was by said city council, and in and by said ordinance and resolution, made and declared to be irrepealable until each and all of said refunding bonds shall be paid in full. That in and by said ordinance there was by said city council duly appropriated to and for the sole purpose of paying the principal and interest of said refunding bonds each and all of the sums of money therein and thereby levied as aforesaid, out of the interest fund therein provided for, for the payment of the interest to become due upon said refunding bonds from year to year, and out of the sinking fund therein provided for for the purpose of paying the principal of said

bonds; and it was therein further provided that no part of the moneys derived from said levies, or any of them, shall ever be paid out for or applied to any other purpose than the payment of said refunding bonds; and it was therein further provided that said levies of taxes, and each and all of them, shall be included in and made a part of the regular annual levy of taxes to be made by said city council of said city of Pierre as provided by law from year to year during the period covered by said refunding bonds, and that such levies, and each and all of them, shall be in accordance with law certified by the city auditor of said city of Pierre to the county auditor of Hughes county, South Dakota, from year to year during said period, for extension upon the tax roll or list of said county under and pursuant to the laws of this state."

It is contended by the appellant: "(1) That in computing the amount of the outstanding debt against the city of Pierre both the outstanding bonds against the city of Pierre and those outstanding against the board of education of said city should be included: (2) that the proposed bonds are void, because issued in excess of the constitutional limit; and (3) that the bonds are invalid, because not authorized by a vote of the electors of said city." Notwithstanding the boundaries of the school corporation coincide with the boundaries of the city, the indebtedness of the former cannot be considered in ascertaining whether the indebtedness of the latter exceeds the constitutional limitation. Wilson v. Board, 12 S. D. 535, 81 N. W. 952; Insurance Co. v. Mead, 13 S. D. 37, 82 N. W. 78, 48 L. R. A. 785, 79 Am. St. Rep. 876. The effect of issuing funding bonds with reference to the constitutional limitation upon municipal indebtedness was considered by this court in Insur-

ance Co. v. Mead, supra, wherein it was held that, where
bonds are sold upon the market for the purpose of applying
the proceeds to the payment of pre-existing legal obligations,
no new or additional indebtedness is created within the mean-
ing of the constitutional limitation. It necessarily follows
that, if refunding bonds are exchanged at par for an equal or
greater amount of pre-existing legal bonds, the indebtedness
of the city is not increased, and such refunding bonds so issued
and exchanged are valid. In view of our former decisions, no
further discussion of this proposition is required. The law on
the subject should be regarded as settled in this jurisdiction.
Insurance Co. v. Mead, supra; Id., 13 S. D. 342, 83 N. W. 335;
Ranson v. Mead, 13 S. D. 342 83 N. W. 1119; City of Mitchell
v. Smith, 12 S. D. 241, 80 N. W. 1077. The proposed bonds
will certainly not be void because in excess of the constitution-
al limitation, as the effect of issuing them will be to decrease,
not increase, the existing liabilities of the city.

Are the proposed bonds invalid because not authorized by
a vote of the electors? It is rightly conceded by counsel for
appellant that the state constitution does not preclude the leg-
islature from authorizing cities to issue refunding bonds with-
out first submitting the question to a vote of the electors. But
it is contended the general act providing for the incorporation
of cities requires the consent of the voters to the issuing of any
bonds. That act provides that the city council have the fol-
lowing powers: "(5) To borrow money on the credit of the
corporation for corporate purposes, and issue bonds therefor,
in such amounts and forms, and on such conditions as it shall
prescribe, but shall not become indebted in any manner or for
any purpose to any amount including existing indebtedness, in

the aggregate to exceed five (5) per centum on the value of the taxable property therein, to be ascertained by the last assessment for state and county taxes previous to the incurring of such indebtedness; and before or at the time of incurring any indebtedness, shall provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal thereof within twenty years after contracting the same; provided, no bonds shall be issued by the said city council under the provisions of this act either for general or special purposes unless at an election after twenty days' notice in a newspaper published in the city,· stating the purpose for which said bonds are to be issued and the amount thereof, the legal voters of said city by a majority shall be determined in favor of issuing said bonds. (6) To issue bonds in place of, or to supply means to meet maturing bonds,·or for the consolidation of funding the same." Laws 1890, c. 37, art. 5, § 1. It should be observed that the proviso requiring an election is expressly restricted to bonds issued by the city council under the provisions of that act. It will not be contended that the bonds involved in this action are issued under the general incorporation act, when they recite, and the ordinance authorizing them recites, that they are issued under, pursuant to, and in accordance with the provisions of chapter 51, Laws 1899. What effect the ·adoption of chapter 51 may have had on the provisions of the 1890 act above quoted need not now be considered. The intention of the legislature as expressed in the act of 1899 is clear and unmistakable. Section 1 of the act reads as follows: "Each incorporated city organized under and by virtue of a special charter or under and by virtue of the general law of this state, is hereby authorized

and empowered by and through its city council, when deemed in the judgment of such council to be to the best interests of the city to issue its negotiable bonds in the name of the city for the sole purpose of refunding the bonded indebtedness of such city, which is at the time due and payable, or is about to become due and payable, or whenever such indebtedness can be refunded at a lower rate of interest than the then existing rate of interest on the said indebtedness." Laws 1899, c. 51, § 1. Each incorporated city is authorized to issue the bonds provided for therein, by and through its council, when deemed, in the judgment of such council, to be for the best interests of the city. The question of issuing these bonds is thus confided solely to the discretion of the council. Its judgment is conclusive; the language of the act clearly excluding the notion that the decision of the question requires, or can be influenced by, any action of the electors. As the law under which the proposed bonds are to be issued does not require a vote of the electors, and as the legislature was clothed with power to enact the law, the bonds involved in this action will certainly be valid, though not authorized by a vote of the electors of the city.

There is another view which effectually removes all possible objections to the issuing of these proposed bonds. It is this: Where a municipal corporation has created a valid debt against itself, it has power, like any other debtor, to enter into negotiations concerning such debt, and to reduce its amount by payment or the exchange of other bonds, without any special grant of legislative authority. Rogan v. City of Watertown, 30 Wis. 259. If the corporation or its creditors consent to a reduction of its legal indebtedness, who can be heard to com-

plain? Certainly not a taxpayer. It would be an obviously anomalous proceeding for a court of equity to forbid the consummation of such a compromise as is disclosed by the record in this case at the instance of any one so substantially benefited thereby as the plaintiff.

The judgment of the circuit court is affirmed.