TALKINGTON *v.* TURNBOW.

4-3970

Opinion delivered June 10, 1935.

*John L. Carter,* for appellant.

*Jesse Reynolds* and *John G. Rye,* for appellees.

HUMPHREYS, J. This suit was brought by appellant, the owner of real property and a citizen and taxpayer of Pope County, against appellees, the county judge and county treasurer, respectively, of said county, in the chancery court to enjoin them from refunding or extending the maturities of the funding bonds of said county theretofore issued under Amendment No. 10 to the Constitution of the State of Arkansas. It is admitted that the bonds about to be refunded were issued by Pope County pursuant to and in accordance with Amendment No. 10 to the Constitution of the State and the Enabling Act No. 210 of the Acts of the Legislature of 1925 and are valid outstanding subsisting obligations against said county. It is also admitted that a sufficient amount of taxes cannot be collected under the authorized levy on the property of the county to liquidate the bonds as they mature and that, in order to meet the maturities, a contract was entered into between appellees and the bondholders to exchange the original bonds for new ones in the same amount, bearing the same rate of interest, but covering a longer period of time, so that the maturities could be liquidated out of the revenues collected each year on the authorized levies. Orders were made and spread of record by the county court refunding the bonds on said basis, and appellees were proceeding to make the

exchange of the new or refunding bonds for the original ones when appellant objected and brought this suit to enjoin them from making the exchange on the ground that the power to issue interest-bearing bonds to pay the existing indebtedness of counties on the first day of October, 1924, under Amendment No. 10 to the Constitution and the Enabling Act of 1925, was exhausted when the original bonds were issued and sold for that purpose. We cannot agree with appellant in this contention. The power and authority conferred by said constitutional amendment on counties to issue interest-bearing bonds to pay their existing indebtedness necessarily implied that they might refund said bonds if it became necessary, provided they should not increase the amount of the outstanding bonds or the rate of interest. By doing this, no additional burden would or could be imposed upon the taxable property of the county. The general rule is that power conferred to issue bonds in the first instance includes the power, by necessary implication, to refund said bonds. *Ragan* v. *City of Watertown,* 30 Wis. 259; *Quincy* v. *Warfield,* 25 Ill. 317; *Galena* v. *Corrinth,* 48 Ill. 423; *Hyde* v. *Evert,* (S. D.) 91 N. W. 474; *National Life Insurance Company* v. *Mead,* (S. D.) 82 N. W. 78; *Morris and Whitehead* v. *Taylor,* (Ore.) 49 Pac. 660. Other cases supporting the general rule might be referred to, but we deem it unnecessary, as our own court committed itself to the same principle in the case of *Alphin* v. *Tatum,* 189 Ark. 862, 75 S. W. (2d) 377. In that case it was said: ''The only thing it is undertaking to do is to make the annual payments smaller so that they may be met and paid from the revenues of the county. There is no constitutional provision prohibiting a contract of this kind.''

In the instant case, as we understand, the only thing Pope County is about to do is to make the annual maturities smaller so that they can be paid out of the revenues set up for that purpose, and we find nothing in either the Constitution or the Enabling Act of 1925 prohibiting it.

Appellant contends that appellees are proceeding to refund bonds without notice to the taxpayers of the

county. There is no provision in the Constitution for notice, and none is required by Refunding Act 102 of the Acts of 1935. Notice not being required, the refunding bonds may be issued and exchanged for the original bonds without notice.

Appellant contends that act No. 102 of the Acts of 1935 is void because it is retroactive. The Constitution inhibits the enactment of *ex post facto* laws, but does not prohibit the passage of retroactive laws which do not impair the obligation of contracts or vested rights accruing thereunder. The holders of the original bonds are assenting that they may be refunded, so no question of the impairment of contracts or vested rights arises in the instant case.

Appellant contends that the county is without authority to refund outstanding bonds unless and until the full constitutional limit of three mills tax authorized to be levied under Amendment No. 10 and under act 102 of 1935 has been exhausted. The refunding act referred to prohibits counties from refunding outstanding bonds and accrued interest or to extend the maturities so long as the tax collected from the millage shall be sufficient to pay the indebtedness as same matures. It is admitted in the instant case that the amount collected from the authorized millage tax is insufficient to pay the original bonds as they mature, so this prohibition has no application and cannot be invoked to strike down the refunding bonds.

The contract and refunding order contains a provision for placing the original bonds in escrow until the refunding bonds have been paid. Act 102 of the Acts of 1935 provides for the surrender and cancellation of the original bonds upon delivery of the refunding bonds. As the bonds have not been exchanged, this provision in the act should be followed.

The refunding bonds being valid, the decree is modified so as to require the surrender and cancellation of the original bonds upon the delivery of the refunding bonds, and, as modified, the decree is affirmed.