SIMPSON *v.* LITTLE ROCK NORTH HEIGHTS WATER DISTRICT No. 18:

4-4123

Opinion delivered October 14, 1935.

*Sam Rorex*, for appellant.

*Rose, Hemingway, Cantrell & Loughborough*, for appellee.

BAKER, J. The Little Rock North Heights Water District No. 18 desired to refund its indebtedness under act No. 192 of the Acts of 1935, and, among other things preparatory thereto, it entered into a contract with

C. W. Simpson, whereby he surrendered two certain bonds he held, Nos. 68 and 69, and agreed to receive other bonds of a new issue in lieu thereof. The improvement district, on account of delinquencies in the payment of assessments, was in default, and was preparing to issue new bonds, under said act 192, refunding the unpaid portion of its indebtedness, the said new bonds to draw interest at 1 per cent. for the first five years, 1½ per cent. for the second five years, 2 per cent. for the third five years, and 2½ per cent. for the fourth five years, and 3 per cent. thereafter until paid. The contract made with Simpson was highly advantageous to the district in the saving of interest.

Before the new bonds had been exchanged for the old ones, Simpson came to the conclusion that the new bonds, so to be issued under act 192, would not be secured by lien on the real property as were the old bonds. He believed that, upon issue of the new bonds, the holder thereof would have to look to act 192 to determine the intent or purpose of the district, and since the said act did not expressly provide for a continuance of the lien of the pledge of assessed benefits, or of the deed of trust, covering the water plant, made when the first bonds were issued, that the new bonds would be taken in settlement of the first bonds, and necessarily be without the security of any kind, because the act did not provide for the continuance thereof for the new obligations. He, on account of that, decided that he preferred to have his bonds returned, rather than to accept the new bonds. These bonds had been delivered to the Metropolitan Trust Company to be held until the new bonds could be prepared and delivered.

Simpson made demand upon the Metropolitan Trust Company for the return of his bonds. Upon this demand, made by Simpson, the said Trust Company informed the Little Rock North Heights Water District No. 18 of the fact that this demand had been made, and asked for instructions from the district. The district refused to accede to these demands, because it said that Simpson might put the said bonds upon the market and prevent the refunding of the old issue, much to the detri-

ment of the district. The Metropolitan Trust Company, to save itself from damage or loss, by reason of these adverse contentions, between the parties filed in the chancery court of Pulaski County, an intervention, interpleading the said Simpson and district, and praying the court to require the parties to present and submit their respective contentions to the jurisdiction of the said court. The interplea stated all of the facts, and the respective parties, by their pleadings, admitted the same as stated by the intervention.

The chancery court, by its decree, held that Simpson was bound by the contract whereby he had delivered the bonds for reissue; that the original security, the pledge of assessments, and deed of trust, would, by operation of law, be security for the new bonds to be issued; provided also that if a majority of the bondholders desired, a new deed of trust and a new pledge of assessments might be entered into by the improvement district.

From this decree of the chancery court, C. W. Simpson has appealed. Upon this appeal he urges that said act 192 of the Acts of 1935 makes no provision for any security of the refunding bonds, but that it only provides that the district may fund, or refund, the old bonds and execute and deliver the new or refunding bonds in exchange for the old, and that parties to the transaction, in the transfer or exchange of the bonds, would be bound by the provisions of the said act, and that their rights would be no greater than expressly or specifically granted by the act.

Appellant cites authorities that apparently sustain the position that he has taken, but, unfortunately for the contention that he makes in that respect, the authorities cited are from other jurisdictions, and they appear to be not in conformity with the decisions of our own court, and, we think, perhaps against the great weight of authority.

In reply to the contention made by appellant, we suggest that the pledge of assessments made by the improvement district, and deed of trust whereby the physical properties of the district are mortgaged, are not essentially different from the ordinary mortgage. Many

mortgages provide that the notes secured thereby may be renewed from time to time, but that the mortgage will secure not only the notes described in the face of it, but all renewals thereof. Also we find that many notes so secured by mortgages make reference to the particular mortgage securing the same. These references, however, of the note to the mortgage, or of the mortgage to the note, are not necessary to the validity of the lien, or to its continuity as to any renewals. Such references, however, make the proof that might otherwise be required unnecessary.

This court held in *Oliphint* v. *Eckerley*, 36 Ark. 69, that, in the absence of an agreement, or a plain manifestation of a contrary intention, the security of the original mortgage follows the note or renewal thereof. In other words, instead of there being a presumption of payment or settlement of the original indebtedness by the execution of the renewal note, and thereby a release of the security, the presumption is that, upon the execution of the new note or bond, the same security is available for its payment. 41 C. J. 468; 19 R. C. L. 450, 451.

It might be suggested that ordinarily in the issuance of bonds by an improvement district, or any other legal entity, reference is made to the statute or authority, authorizing such issue, and it is perhaps not amiss to suggest that in the issuance of the refunding bonds, by this improvement district, reference would probably be made, as authority for the new issue, to act 192 of the Acts of 1935. If such reference be made, then it must be apparent to any one that any issue of bonds authorized thereby is nothing more than a new obligation for the same debt, and under the authorities above mentioned, necessarily would carry the same security.

It has been suggested, and we think with sound propriety, that the respective acts authorizing the refunding of the old indebtedness by implication must necessarily be said to provide for the security of the new obligations. These new obligations would be without practical value ordinarily, unless there is security for their payment, and, since we do not impute to the Legislature a desire to do a vain thing, we have no hesitancy in saying that

in this provision for the refunding of the old bond issues the power is implied to do whatever is necessary to be done to make effective and valid the new issue of bonds to be substituted for the old ones.

The court did not err therefore in providing that, if a majority of the bondholders desired to have a new pledge executed by the improvement district, and a new mortgage or deed of trust upon its physical properties, that same should be done. We are in accord, however, with views of the trial court, that such new pledge, or mortgage, is not necessary, but that it may be executed as a matter of expediency, or confirmation, if deemed advisable.

Whatever powers or authorities are essential to effect the exercise of the grant of power to reissue or refund the bonds must be implied. 59 C. J. 972; *Atkinson* v. *Pine Bluff*, 190 Ark. 65, 76 S. W. (2d) 982.

In the last cited case the court said: "In granting authority to construct sewers, power is impliedly granted to adopt the means appropriate and reasonably adapted to carry into effect the authority expressly given."

It perhaps may not be amiss to suggest that this court is committed to the theory that new obligations may be issued for the old, without an express grant of authority or power, and particularly when there is no increase in the amount of indebtedness, or interest, where the obligation is not otherwise onerous or illegal. *Talkington* v. *Turnbow*, 190 Ark. 1138, 83 S. W. (2d) 71; *Alphin* v. *Tatum*, 189 Ark. 862, 75 S. W. (2d) 377.

The decree of the chancery court therefore is affirmed.