RUDDELL *v.* JONES.

4-4226

Opinion delivered January 13, 1936.

*Dene H. Coleman,* for appellant.

*W. K. Ruddell* and *John L. Carter,* for appellees.

BAKER, J. This is a suit involving the refunding of bonds in the total sum of $113,000, issued under authority of Amendment No. 10 of the Constitution of the State of Arkansas. The complaint in this case was filed to enjoin the issuance and delivery of the refunding bonds. The answer admitted generally the facts stated in the complaint, and pleaded that the system or scheme for the issuance of the refunding bonds had been made to conform to the principles announced in the case of *Talkington* v. *Turnbow,* 190 Ark. 1138, 83 S. W. (2d) 71. The answer pleaded also that the proceeds or collections arising from the tax of two mills were insufficient to meet the interest and maturities of outstanding bonds, and that it was decided to extend the time of payment and reduce annual maturities rather than to increase the rate of taxation above two mills, and that it was necessary, or at least expedient, to refund the bonds under these conditions, and alleged the purpose and intent of continuing the refunding scheme until consummated.

The plaintiff demurred to this answer. The demurrer being overruled, plaintiff refused to proceed further, and her complaint was dismissed for want of equity. From this decree the appeal is prosecuted.

We discussed the matters involved in the case of *Talkington* v. *Turnbow,* 190 Ark. 1138, 83 S. W. (2d) 71, and also in the case of *Turnbow* v. *Talkington, ante* p. 492.

The particular controversy arises out of the opinion in the last-cited case.

"As was pointed out in the opinion in the case of *Talkington* v. *Turnbow, supra,* this act confers express authority to refund, but this action is not permitted, under the proviso above quoted, 'so long as the taxes collected from the millage tax heretofore authorized to be levied for that purpose shall be sufficient to pay such indebtedness as same matures.' We think the phrase,

'heretofore authorized to be levied,' refers, not to the election or amendment authorizing the tax, but to the action of the quorum court in levying a particular rate. The bonds may not be refunded so long as the taxes collected from this rate are sufficient to pay the indebtedness as the same matures.''

All parties to this suit agree that the above quotation is clear, but it is urged by appellant that the remaining portion of the same paragraph causes some confusion. It is as follows:

''But the converse of the proposition is also true. They may be refunded if the taxes so collected are insufficient. Here it is alleged—and the demurrer concedes the answer to be true—that the taxes being collected are insufficient for this purpose, and 'that in any event and under all circumstances there will remain a deficit with no way to meet said deficit even if the five mills were available.' ''

Appellant argues that the conditions under which appellees are attempting to refund bonds are not similar to those in the above-cited cases and particularly in the more recent case of *Turnbow* v. *Talkington*. It will be observed from the last quotation that it was stated that the maximum tax that might be assessed therein would not be sufficient to meet obligations maturing immediately subsequent to the issuance of the refunding bonds, whereas it is urged that in Independence County, if a three-mill tax were levied, the proceeds or revenue therefrom would be sufficient to meet maturing obligations.

Appellant contends that upon this account Independence County has not the right to issue refunding bonds, but that to meet maturing obligations the law requires that there be an increase in the levy to three mills, rather than a new bond issue. That has not been our interpretation of act 102 of the Acts of 1935.

Elaborating somewhat upon the questioned paragraph in the case of *Turnbow* v. *Talkington, supra,* and paraphrasing and making additions thereto, will make clear, we think, any presumed ambiguity.

We think the phrase, ''heretofore authorized to be levied'' refers not to the election or amendment authorizing the tax, nor does it refer to the maximum tax that might be levied under the amendment, but to the rate fixed by the action of the. quorum court. The bonds may not be refunded so long as the tax collected from this rate, as fixed or levied by the court, as distinguished from the maximum rate provided for by the amendment, is sufficient to pay the indebtedness as the same matures.

Whenever the taxes collected from this rate, as fixed by the court (not the maximum rate provided for in the amendment), are inadequate to meet maturing obligations, then, if it be deemed expedient to extend the time of payment, providing for smaller annual installments instead of increasing the rate of taxation to pay installments that would otherwise mature, the refunding scheme or system provided for in act 102 is available.

The decree of the chancery court is therefore correct, and is affirmed.